UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


LINDA and JEREMIAH CRONIN                                                    PLAINTIFFS

V.                                          CIVIL ACTION NO. 1:06CV116 LTS-RHW

ALLSTATE INSURANCE COMPANY,
JAMES W. SMITH, AND JWS, INC.                                              DEFENDANTS


MEMORANDUM OPINION

The Court has before it Plaintiffs Linda and Jeremiah Cronin's motion to remand. For the reasons set out below, this motion will be granted.

This is an action for property damage caused by Hurricane Katrina. Plaintiffs are residents of Hancock County, Mississippi. The plaintiffs' residence, a mobile home, was insured under a policy issued by Defendant Allstate Insurance Company (Allstate) and sold by a local agent, Defendant James W. Smith (Smith), to the plaintiffs. The plaintiffs' residence was destroyed in Hurricane Katrina. The cause of the destruction was a combination of the wind and water driven by this storm. Allstate has denied coverage for the portion of the loss caused by flood waters, based on a policy exclusion.

The defendants have removed this action on the grounds that the non-diverse defendants, Smith and JWS, Inc., have been fraudulently joined by the plaintiffs to defeat the court's diversity jurisdiction. The plaintiffs are Mississippi residents, as is Smith. If Smith has been properly joined as a defendant, there is no complete diversity of citizenship, and this court lacks subject matter jurisdiction under 28 U.S.C. §1332.

Removal is premised on Allstate and Smith's assertion that the plaintiffs have fraudulently joined Smith as a defendant, and, having made that assertion, Allstate and Smith bear the burden of proving it to be true. *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981).

This burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

The complaint alleges that plaintiffs asked Smith to procure insurance coverage for their residence that included flood coverage. This request was made in 2001, at the time the plaintiffs first purchased an Allstate policy from Smith. This initial policy has been renewed annually since the time it was first purchased. Plaintiffs allege that Smith assured them "at various times" that the policy contained coverage for flooding. (Complaint Paragraph 15)  In fact, the Allstate policy contains an exclusion for water damage of certain specified types.

The complaint alleges that after Hurricane Katrina, Plaintiff Linda Cronin met with Smith concerning the issue of their insurance coverage. Paragraph 16 of the complaint states:

> 16. Following the loss, Allstate's adjuster informed Plaintiffs that their policy did not include flood coverage; when Plaintiff Linda Cronin met with Defendant Smith, however, he initially assured her again that she did indeed have flood coverage; later, upon a further review of her policy he informed her that Allstate had "slipped in" an exclusion for flood damage, and admitted that he was at fault for failing to advise her of same.

Defendant Smith has denied the allegations made against him in the complaint, including the allegations of Paragraph 16. While this is a direct and strong contradiction of the substantive allegations of the complaint, at this juncture this factual dispute must be resolved by accepting the material allegations of the complaint as true.

As I appreciate the allegations made by the plaintiffs, there is an inference that Smith himself did not understand that the water damage exclusion in the policy would apply to the flood damage caused by Hurricane Katrina, and that had he known the exclusion would apply he might have advised the plaintiffs to purchase additional coverage for potential flood losses.

Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992); *See: Haggans v. State Farm Fire and Casualty Company*, 803 So.2d 1249 (Miss. 2002).  An insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

Of course, the truth of the Cronins' allegations; the circumstances in which Smith allegedly advised the Cronins concerning the scope of coverage under their homeowners policy; the question of whether Smith made the statements attributed to him in the complaint; and the question whether the Cronins can prove that they reasonably relied on those statements and that their losses were proximately caused by any action or inaction on the part of Smith, are all questions for the finder of fact to decide after consideration of the evidence supporting the plaintiffs' claim and consideration of the evidence offered by the defense.  At this juncture, however, the plaintiffs' allegations must be accepted as true; they must be granted all reasonable inferences in favor of their theory of recovery; and any doubtful issues of state law must be resolved in their favor.

Without venturing any opinion on the merits of the plaintiffs' claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Smith and Allstate have failed to establish that the Cronins have no viable legal theory upon which they may proceed against Smith.

Smith and Allstate contend that even if Smith made the representations concerning coverage the plaintiffs have alleged, and even if those representations were negligent and were reasonably relied upon by the plaintiffs to their detriment, any remedy is now time barred, the representations having been made more than three years before this action was filed.   In support of this defense, Allstate and Smith rely upon the holding of *Howard v. Citifinancial*, 195 F.Supp.2d 811 (S.D. Miss. 2002).  While the *Howard* case establishes that a claim for fraudulently inducing the purchase of an insurance contract is time barred three years after the contract is purchased, the plaintiffs are not pursuing that legal theory.  The

plaintiffs are not seeking to invalidate their insurance contract on the grounds that it was procured by fraud or by Smith's alleged misrepresentations concerning the scope of coverage under the policy.  The plaintiffs' claim sounds in tort.  It is a negligence claim, and, as such, it did not accrue until the plaintiffs suffered damages as a result of the negligent acts they allege or until they could have discovered the negligence by the exercise of ordinary care.  *See: Smith v. Sneed*, 638 So.2d 1252 (Miss.1994).  At this juncture, the plaintiffs are entitled to have all doubtful issues of law resolved in their favor, including the legal issue of when their cause of action accrued.

      Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings.  The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

      An appropriate order will be entered.

      Decided this 26th day of July, 2006.

      s/ L. T. Senter, Jr.

      L. T. Senter, Jr.
      Senior Judge